# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH SKUBEL and MARY SKUBEL, <br><br> Plaintiffs, <br><br> vs. <br><br> AMERICAN EXPRESS COMPANY, <br><br> Defendant. | Civil Action No. |

## COMPLAINT

1. This is an action for damages brought by an individual consumer, against Defendant, American Express Company, for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, *et seq.*, the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), and other state common law rights.

## THE PARTIES

2. Plaintiffs Joseph and Mary Skubel are married adult individuals residing at 119 Wolfe Road, Ringtown, Pennsylvania 17967.

3. Defendant American Express Company is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 200 Vesey Street, WFC-3, New York, NY 10285.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

5. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6. At all pertinent times hereto, Defendant was collecting a debt relating to a credit card account held by their son-in-law, George McKay for which Plaintiffs have no responsibility (hereafter the "debt").

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8. At all times material and relevant hereto, Plaintiffs did not owe the debt to Defendant and have never owed a debt to Defendant.

9. On July 24, 2009, Defendant called Plaintiffs' telephone number two times (at 10:48 A.M. and 12:23 P.M.) using artificial and/or prerecorded voice technology to coerce payment of the debt, with the intent to annoy, abuse or harass Plaintiffs. Defendant then continued to repeatedly call Plaintiffs' telephone number on the following dates: July 26th (at 10:07 A.M.), July 28th (at 11:40 A.M.), July 29th (at 12:32 P.M.), July 30th (at 3:00 P.M.), August 3rd (at 9:59 A.M.), August 7th (at 1:35 P.M.), August 10th (at 12:48 P.M.), August 12th (at 4:01 P.M.), two times on August 14th (at 11:02 A.M. and 12:52 A.M.), two times on August 17th (at 7:01 A.M. and 8:14 P.M.), August 18th (at 3:20 P.M.), August 21st (at 3:39 P.M.), August 22nd (at 8:44 P.M.), August 25th (at 12:20 P.M.), August 27th (at 10:33 A.M.). August 31st (at 8:53 A.M.), September 6th (at 12:21 P.M.), September 8th (at 5:20 P.M.), September 9th (at 11:00 A.M), and September 10th (at 4:09 P.M.).

10. Notwithstanding the above, Defendant also called Plaintiffs' telephone number approximately eleven (11) more times between September 14, 2009 and September 28, 2009 to coerce payment of the debt, with the intent to annoy, abuse or harass Plaintiffs. The dates of communication are including but are not limited to September 14th (at 3:01 P.M.), September 15th (at 6:50 P.M.), and September 28th (at 2:56 P.M.).

11. Each time Defendant called Plaintiffs, a pre-recorded message was left stating, "This is American Express. This message is for George McKay."

12. Defendant acted in a false, deceptive, misleading and unfair manner by communicating with persons other than the debtor on more than one occasion.

13. Defendant acted in a false, deceptive, misleading and unfair manner by repeatedly communicating with Plaintiffs at inconvenient times.

14. Defendant acted in a false, deceptive, misleading and unfair manner by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

15. Defendant knew or should have known that their actions violated the FCEUA, UTPCPL and TCPA.

16. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

17. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

18. As a result of the acts and/or omissions of Defendant, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiffs' reputation, invasion of privacy, damage to Plaintiffs' credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I-VIOLATIONS OF THE TCPA

19. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

20. At all time relevant hereto, Defendant used, controlled and/or operated "automatic telephone dialing systems" as defined by § 227(a)(1) of the TCPA.

21. Defendant initiated at least thirty five (35) telephone calls to Plaintiffs' telephone line using artificial and or prerecorded voices to deliver messages without the express consent of Plaintiffs in violation of 47 U.S.C. §§ 227(b)(1)(A)(iii) of the TCPA.

22. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense legal justification or legal excuse.

23. As a result of the above violations of the TCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' statutory damages, actual damages, and treble damages.

## COUNT II –VIOLATIONS OF THE FCEUA & UTPCPL

24. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

25. Defendant is a "creditor" as defined by 73 P.S. § 2270.3 of the FCEUA. Plaintiffs are "debtors" as defined by 73 P.S. § 2270.3 of the FCEUA.

26. The above contacts by Defendant and disputes by Plaintiffs are "communications" relating to a "debt" as defined by 73 P.S. § 2270.3 of the FCEUA.

27. Defendant engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA.

28. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(b), as evidenced by the following conduct:

    (a) Communicating with persons other than the debtor on more than one occasion;

    (b) Repeatedly communicating with Plaintiff at a time or place known or which should be known to be inconvenient to the consumer;

    (c) Otherwise using false or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiffs' rights under the law and with the purpose of coercing Plaintiffs to pay the debt.

30. As a result of the above violations of the FCEUA and UTPCPL, Plaintiffs have suffered ascertainable losses entitling Plaintiffs to an award of statutory, actual and treble damages and attorney's fees and costs.

**COUNT III- INVASION OF PRIVACY – INTRUSION UPON SECLUSION**

31. Plaintiffs incorporate the foregoing paragraphs as though the same were set forth at length herein.

32. Defendant invaded the privacy of Plaintiffs by unreasonably intruding upon their seclusion by calling their personal telephone and leaving messages in relation to a debt that Plaintiffs did not owe to Defendant.

33. Defendant intruded, physically or otherwise, upon the solitude and/or seclusion of Plaintiffs or their private affairs or concerns in a manner which was highly offensive to Plaintiffs and other reasonable persons if same should be in similar positions.

34. Defendant's intentional intrusions, physical or otherwise, upon the solitude and/or seclusion of the Plaintiffs were substantial and highly offensive.

35. As a direct and proximate cause of the telephone calls that that harassed, annoyed and abused Plaintiffs, Defendant disturbed the peace and tranquility of their home, invaded Plaintiffs' privacy and intruded upon their seclusion, was a substantial factor in bringing about the serious injuries, damages and harm to Plaintiffs that are outlined more fully above and, as a result, Defendant is liable to compensate the Plaintiffs for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## JURY TRIAL DEMAND

36. Plaintiffs demand trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that relief be granted as follows:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Treble damages;

(e) Costs and reasonable attorney's fees; and

(f) Such other and further relief as may be just and proper.

                    Respectfully Submitted,

                    **FRANCIS & MAILMAN, P.C.**

BY: /s/ Mark D. Mailman
      MARK D. MAILMAN, ESQUIRE
      GREGORY J. GORSKI, ESQUIRE
      **FRANCIS & MAILMAN, P.C.**
      Land Title Building, 19th Floor
      100 South Broad Street
      Philadelphia, PA 19110
      (215) 735-8600
      Attorneys for Plaintiff

DATE: April 23, 2010